```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ALTER TRADING CORPORATION      *          CIVIL ACTION

VERSUS                         *          NO: 08-991

LAROSE SCRAP & SALVAGE, INC.   *          SECTION: "D"(4)
```

## ORDER AND REASONS

Before the court is the **"Motion for Partial Summary Judgment Venue" (Doc. No. 15)** filed by Plaintiff, Alter Trading Corporation (Alter). Defendant, Larose Scrap & Salvage, Inc. (Larose), filed a memorandum in opposition. The motion, set for hearing on Wednesday, September 24, 2008, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that there is no genuine issue of material fact and Plaintiff is entitled to partial summary judgment as a matter of law.

In a business relationship between Alter and Larose beginning in December 2005, Alter purchased scrap metal from Larose and paid Larose 90% of the value of each load of scrap metal, with the value of each load based on its estimated weight. Larose loaded the

scrap metal on barges and Alter arranged to transport the scrap metal to Alter's customers, who were various end-users of the scrap metal.  After an Alter customer weighed and/or surveyed the load to determine weight, Alter either made an additional payment to Larose if the mill weight indicated that additional payment was due, or demanded a settlement back of its prepayment if there was a weight shortage.

In October 2007, Alter agreed to purchase 5000 gross tons of scrap metal from Larose pursuant to Alter Trading Purchase Order No. 218181. (*See* Alter's Ex. B, Purchase Order). This purchase order was for the delivery of four separate loads of scrap metal from Larose (1,250 gross tons per barge).

Pertinent to this litigation, one of four barge loads was to be loaded upon the Barge MG 255, and Alter remitted $202,500 to Larose for 90% advance payment for shipment for 1,250 gross tons of unprepared pipe on this barge.[1] (*See* Alter's Ex. A, Declaration of Tom Elliot at ¶10; *see also* Larose Invoice 8927, attached as Ex. A to Alter's Reply Memo. Doc. No. 24).  However, Larose did not load Barge MG 255 with the unprepared pipe, and has refused to return the $202,500 to Alter.

Whether Alter might or might not owe Larose amounts for barge

---

[1]  Alter admits that Larose supplied scrap metal for the other three barges. (*See* Alter's Statement of Uncontested Material Facts, No. 12).

loads of scrap previously sold to Alter is not a material issue of fact for purposes of the instant motion.  Further, as a matter of law, Larose cannot offset any contested or unliquidated amount that Alter *may* owe Larose[2] against the uncontested or liquidated debt ($202,500) that it owes Alter.  La. Civ. Code Art. 1893; *Hartley v. Hartley*, 349 So.2d 1258, 1261 (La. 1977).  Accordingly;

**IT IS ORDERED** that Plaintiff Alter's **"Motion for Partial Summary Judgment Venue" (Doc. No. 15)** be and is hereby **GRANTED**, entitling Alter to partial summary judgment against Larose in the amount of $202,500 for funds that Alter advanced Larose for the purchase of 1,250 gross tons of unprepared pipe that Larose never loaded on Barge MG 255, plus interest from the date Larose received the funds from Alter.

New Orleans, Louisiana, this **2nd** day of **October**, **2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2] Larose contends that Alter owes Larose at least $247,901.15 for previous loads. (*See* Larose's Opp., Affidavit of Wayne Trahan at ¶¶8, 10 & 12).  Alter disputes this amount and claims that "less offsets in Larose's favor of $108,770.38, ... Larose owes Alter as additional $138,497.43 (which Alter acknowledges ... may be disputed).  (*See* Alter's Reply Memo. at p. 2, n. 2).